WAGER v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. November 10, 1904.)

1. STREET RAILROADS—INJURY TO PASSENGER—EVIDENCE—QUESTION FOR JURY.
   In an action against a street railroad company for injuries to plaintiff as she was alighting from a car, evidence *held* insufficient to support a finding that the car had stopped before plaintiff alighted.

Appeal from City Court of New York.

Action by Minnie Wager against the Interurban Street Railway Company.  From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals.  Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Henry A. Robinson (Bayard H. Ames and F. Angelo Gaynor, of counsel), for appellant.

Abraham Oberstein (Joseph Fischer, of counsel), for respondent.

BISCHOFF, J.  The plaintiff has recovered a verdict, based upon her claim that through the negligence of the defendant she was caused to be injured when attempting to alight from one of its cars at Prince street and West Broadway, upon which car she had been traveling northward as a passenger on the 28th of August, 1902.  Her story of the accident, as given at the trial, was that the car came to a stop at the south side of Prince street, opposite to the factory in which she was employed, and that she attempted to step from it to the street after two other passengers had alighted, but that the sudden starting of the car, as she was stepping to the street, caused her to fall.  The defendant's version of the accident was that the car was slowing as it approached Prince street, where there is an intersecting line of tracks, and that the plaintiff left her seat and stepped from the car while in motion when thus opposite to her place of employment, with no notice to the defendant of her intention to alight, and no other passengers having left the car at this point.  The evidence for the defendant consisted of the testimony of the motorman and conductor upon the car, unequivocally corroborated by three disinterested witnesses, two being passengers upon the car and one a bystander; while the plaintiff's testimony upon the issue of fact as to whether the car was standing or in motion when she left it, although sought to be corroborated by the testimony of two of her acquaintances and a child of 15 years, gained thereby very little strength, in view of the extent to which the credibility of these adult witnesses was impugned upon cross-examination, and the manner in which the bona fides of the case was thus affected.

At the time of this accident the defendant's north-bound cars customarily stopped, not at the south, but at the north, side of an intersect-

ing street, and this circumstance gives the better probability to the defendant's version of the facts. Apparently mindful of this condition, one of the plaintiff's corroborating witnesses gave positive testimony that when the plaintiff fell from a car which had stopped to enable passengers to alight at Prince street, at the south side, she fell from a southbound car, while the other, to demonstrate the recklessness of defendant's servant in charge of the car, professed that the latter whipped up the horses attached to the car, with a persistency which the plaintiff's counsel was at pains to check upon redirect examination, when impressing upon the witness that this was an electric car. The question whether this car had or had not stopped at the south side of Prince street to discharge passengers presented the issue upon which the plaintiff's case hinged, and in our view the overwhelming weight of evidence favored the proposition that she left the car as it came opposite to her place of employment, unmindful of the fact that there was danger in attempting to leave it as it was passing that place, although at a lessened rate of speed. We conclude that a new trial should be had in the interests of substantial justice.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.